Liberato P. Verderame, Esq.
EDELSON & ASSOCIATES, LLC
(ID# 032251997)
3 Terry Drive, Suite 205
Newtown, PA 18940
lverderame@edelson-law.com
(215) 867-2399
(267) 685-0676 (fax)
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHARLES HOBBS and ELIZABETH HOBBS, h/w,**<br>**Plaintiffs,**<br><br>vs.<br>**US COASTAL INSURANCE COMPANY and CABRILLO COASTAL GENERAL INSURANCE AGENCY, LLC,**<br>**Defendants.** | CIVIL ACTION<br><br>Civil Case No.<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs, Charles Hobbs and Elizabeth Hobbs, h/w, (collectively "Plaintiffs"), by and through their undersigned counsel, by way of Complaint against the Defendants, US Coastal Insurance Company and Cabrillo Coastal General Insurance Agency, LLC, say as follows:

1. Plaintiffs, Charles Hobbs and Elizabeth Hobbs, husband and wife, are adult individuals residing at 504 West Maple Avenue, Laurel Springs, New Jersey, 08201

2. At all times referred to herein, Defendant, US Coastal Insurance Company is at all times relevant hereto a business duly organized and existing and licensed to issue policies of insurance in the State of New Jersey and maintains a last known principal place of business located at 301 NW 138th Terrace, Jonesville, Florida, 32669.

3. At all times referred to herein, Defendant, Cabrillo Coastal General Insurance Agency, LLC, is at all times relevant hereto a business duly organized and existing and licensed to issue policies of insurance in the State of New Jersey and maintains a last known principal place of business located at 301 NW 138th Terrace, Jonesville, Florida, 32669. At all times relevant hereto, Cabrillo Coastal General Insurance Agency, LLC, supervises, administers and conducts the writing of homeowners' insurance policies covering New Jersey properties and residents.

4. The Defendants, US Coastal Insurance Company and Cabrillo Coastal General Insurance Agency, LLC, hereinafter shall be collectively referred as "US Coastal" or "Defendant" or "Defendants."

5. Jurisdiction is based on 28 U.S.C. § 1332, in that Plaintiffs are citizens of the State of New Jersey and Defendants are citizens of the State of Florida and the claims are in excess of $75,000.00.

6. Venue is appropriate because a substantial part of the events or omissions giving rise to the claim occurred in this district and a substantial part of property that is the subject of the action is situated here.

7. At all times referred to herein, Plaintiffs own the property located at 116 Cedardale Avenue, Villas, Cape May County, New Jersey, (the "Dwelling") which is the subject of the claims further described herein.

8. Defendant US Coastal, in its regular course of business, issued to Plaintiffs a policy of insurance covering Plaintiffs' property, defined as the "Dwelling" by the insurance policy. A true and correct copy of the policy of insurance is attached hereto as Exhibit "A" and hereinafter referred to as the "Insurance Policy." Pursuant to the Insurance Policy, Coverage "A," Defendant is obligated to pay for damages to Plaintiffs' property due to a "direct physical loss" to the

Dwelling. The policy further provides that a loss is covered unless specifically excluded or limited under the policy.

9. On or about September 29, 2016, Plaintiffs discovered that a valve on the hot water heater at Plaintiffs' Dwelling failed, causing hot water to leak into the Dwelling's crawlspace, causing extensive water damage and mold growth. Immediately upon discovery, Plaintiffs reported the loss to Defendants, which recommended a plumber to repair the damage. As a result of the leak, Plaintffs sustained damage to the Dwelling's interior, furnishings and home contents.

10. On or about October 11, 2016, Defendant, by one of its third party adjusters provided Plaintiffs an estimate indicating that Plaintiffs' Dwelling sustained $8,654.00 in damage as a result of the water leak and an additional $66,415.00 in damage as a result of the mold growth arising as a result of the initial leak. The third-party adjuster agreed that all the of damage was as a result of the water leak.

11. Defendants paid Plaintiffs $8,654.00 for the water damage but only $10,000.00 for the mold damage. The $10,000.00 was paid pursuant to the "Limited Mold Coverage" provision of the Policy. However, the loss is required to be covered in its entirety pursuant to Coverage "A," as alleged above.

12. On or about November 28, 2016, Plaintiffs notified Defendants that the mold was caused by the water heater's failure which caused water damage and consequently, heavy mold growth throughout the Plaintiffs' Dwelling. Plaintiffs' Dwelling was found to contain mold growths including Aspergillus and Penicillium Pithomyces, which are known to cause external ear infections, skin lesions, ulcers and hypersensitivity pneumonitis, all of which require professional mold remediation. The damage to Plaintiffs' Dwelling is so extensive that the cost to perform the remediation may exceed the Policy's limits.

13. Despite this knowledge, Defendant failed to properly pay Plaintiffs' claim.

## FIRST COUNT

14. Plaintiffs incorporate each and every foregoing allegation of the Complaint as if stated herein at length.

15. On or about September 29, 2016, while said policy of insurance was in full force and effect, Plaintiffs suffered a direct physical loss to the insured Dwelling.

16. The damage to Plaintiffs' Dwelling is as a result of hot water leaking from a valve on the hot water heater at Plaintiffs' Dwelling with resulting damage to, *inter alia*, Plaintiffs' walls, ceilings and flooring. Additionally, the furniture, appliances and other contents have sustained extensive mold damage and must be wither remediated or replaced.

17. Notice of this covered loss was given to Defendants in a prompt and timely manner and Plaintiffs have done and otherwise performed all duties required of Plaintiffs pursuant to the said policy of insurance.

18. Defendants, despite timely demand for benefits under its Insurance Policy, have failed and refused to pay to Plaintiffs those benefits due and owing under said Insurance Policy.

19. Defendants have breached its contractual obligations to pay benefits to Plaintiffs for a loss covered under Defendants' Insurance Policy.

20. Defendants have breached its contract of insurance with Plaintiffs by:

   a. Failing to promptly and reasonably adjust the claim;

   b. Failing to properly train and/or instruct its adjusters and/or agents;

   c. Failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

    d. Failing to take into account increases in the cost of labor, material and/or replacement cost and adjusting claims for these increased costs;

    e. Failing to timely provide sufficient funds for the repairs and replacement of the subject property;

    f. Failing to properly interpret the Policy's provisions;

    g. Failing to promptly adjust and properly pay Plaintiffs for the losses sustained including, but not limited to, damage to the building, fixtures, replacement of the contents according to the Insurance Policy's provisions; and

    h. Any other acts or omissions to be shown at trial on the merits.

21. Solely as a result of Defendants' failure and refusal to pay benefits to Plaintiffs as required under the aforesaid Insurance Policy, Plaintiffs have suffered loss and damage to their Dwelling, forcing them to incur the expense to repair and replace the damaged property.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, US Coastal Insurance Company and Cabrillo Coastal General Insurance Agency, LLC, for compensatory damages, attorney's fees, costs of suit and such other relief as the Court may deem equitable and just.

## SECOND COUNT

22. Plaintiffs incorporate each and every foregoing allegation of the Complaint as if stated herein at length.

23. Defendants know or have recklessly disregarded the fact that no valid reasons exist for Defendants' denial of the benefits due under the Insurance Policy.

24. Defendants have intentionally or recklessly failed to conduct a good faith investigation and adjustment of the claim, failed to communicate with Plaintiffs' regarding the loss, misrepresented the Policy's terms or limits, arbitrarily refusing to accept Plaintiffs' evidence

that the loss was due to the loss was due to the hot water heater's failure, wrongfully denied Plaintiffs' claim and delayed payment on the claim.

25. Defendants' conduct in refusing to resolve Plaintiffs' damage claim constitutes a breach of its duty of good faith and fair dealing to the Plaintiffs.

26. Defendants' conduct in refusing to resolve Plaintiffs' damage claim was arbitrary, capricious or without cause.

27. Defendants' conduct in refusing to resolve Plaintiffs' damage claim constitutes a frivolous and unfounded refusal to pay policy proceeds,

28. As a result of Defendants' bad faith misconduct, Plaintiffs have incurred losses and expenses, including but not limited to any and all expenses incurred by the Plaintiffs as a result of filing this litigation, including attorney's fees.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, US Coastal Insurance Company and the Cabrillo Coastal General Insurance Agency, LLC, for punitive damages, in addition to all damages arising from Defendants' conduct, prejudgment interest, reasonable attorney's fees, and all reasonable litigation expenses, and for such other relief as the Court may deem equitable and just.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all the issues so triable herein.

EDELSON & ASSOCIATES, LLC

By: _____
Liberato P. Verderame, Esquire
Attorney for Plaintiffs

Dated: May 23, 2017