UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CHARLES HOBBS and ELIZABETH HOBBS, | : | Hon. Joseph H. Rodriguez |
| Plaintiffs, | : | Civil Action No. 17-3673 |
| v. | : | |
| US COASTAL INSURANCE COMPANY, et al., | : | OPINION |
| Defendants. | : | |

This matter is before the Court on motions of Plaintiffs Charles and Elizabeth Hobbs, seeking to strike several submissions of Defendants pursuant to Fed. R. Civ. P. 11 (a) on the basis that Defendants' attorney, Howard Kronberg, is ineligible to practice law in the State of New Jersey. Plaintiffs seek, in the same motion, an entry of default judgment in anticipation of a favorable ruling on the Motion to Strike. In addition, Plaintiffs seek to strike other submissions related to Defendants' pending motions to dismiss. The Court has considered the written submissions of the parties pursuant to L. R. Civ. P. 78. For the reasons that follow, Plaintiffs' Motion to Strike and Motion for Default Judgment are denied.[1]

In this breach of contract action, Plaintiffs filed the operative Complaint on May 27, 2017. Plaintiffs claim that Defendants' refusal to properly adjust a homeowners' insurance policy constitutes a breach of contract and bad faith. Counsel for Defendants entered appearances on June 6, 2017. Among counsel appearing on behalf of

---

[1] Plaintiffs' Motion for Default Judgment is denied because even if Plaintiffs' are successful on the Motion to Strike, the Motion for Default Judgment is procedurally deficient pursuant to Fed. R. Civ. P. 55 (a) because the Clerk has yet to enter default and, thus, the motion is premature. In addition, in light of the Court's ruling on the Motion to Strike, the Motion for default judgment is denied.

Defendants is Howard Kronberg, who continued to be the attorney of record and the signatory on several filings with the Court, including the Consent Order Extending Time to Respond to Complaint and Request for Mediation. In addition, Mr. Kronberg participated in an in-person conference with the magistrate judge on August 3, 2017. Mr. Kronberg then filed several documents relating to Defendants' Motion to Dismiss and a Motion to Stay. Mr. Kronberg also appeared during a Court telephone conference.

The basis for Plaintiffs' motion to strike is the fact that Mr. Kronberg's license to practice law in the state of New Jersey is "administratively revoked" according to the New Jersey Judiciary Court System. Given his ineligible status, Plaintiffs argue that Defendants' filings made by Mr. Kronberg must be stricken pursuant to Rule 11. At issue here is whether the Court should strike the responsive pleading, filed in the form of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b).

Rule 11 provides in relevant part:

> (a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11 (a). The Court's Local Rule provides in full: "In each case, the attorney of record who is a member of the bar of this Court shall personally sign all papers submitted to the Court or filed with the Clerk." L. Civ. R. 11.1. Where counsel is admitted to practice in another state, he may move for privileges to appear pro hac vice pursuant to Local Civil Rule 101.1, with the limitation that "only an attorney at law of this Court may file papers, enter appearances for parties, sign stipulations, or sign and

receive payments on judgments, decrees or orders." Loc. Civ. R. 101.1 (c). Thus, even under the Local Rules, if Mr. Kronberg attempted to appear pro hac vice, he remains ineligible to sign pleadings and the motion to dismiss is defective.

The Court has reviewed and accepts Mr. Kronberg's declaration that he was mistaken as to the Court's Rules as applied to his status to practice law in the State of New Jersey and finds that his attempt to appear before this Court was not motivated by improper intent or in an effort to mislead the Court or Plaintiffs. See Dec. of Mohammed Sharif, Exs. 10 (Kronberg Dec.) and 8 (Krebbs Dec.). In this regard, Mr. Kronberg's signature will be treated as inoperable because he is not eligible to practice before this Court and the filing will be considered as an unsigned document. See Operating Engineers Local 139 Health Benefit Fund v. Rawson Plumbing, Inc., 130 F. Supp. 2d 1022, 1023 (E.D. Wis. 2001).

Plaintiffs became aware of and brought Mr. Kronberg's ineligible status to the attention of the Court on September 14, 2017. See Pl. Mot. To Strike, Cert. of Liberato P. Verderame, Exs. C & D. Defendants promptly moved to cure the defective pleading on September 19, 2017 by refiling the Motion to Dismiss with an appropriate signature. Defendants' prompt correction to the defective pleading is contemplated by Rule 11 (a) and counsels against the extreme sanction of striking the pleading. United States v. Kramer, 757 F. Supp. 397, 409–10 (D.N.J. 1991) (Motions to strike are disfavored and seldom granted.); see also Receivables Purchasing Co. v. Eng'g & Prof'l Servs., Inc., No. CIV 09-1339 GEB, 2010 WL 3488135, at *1–2 (D.N.J. Aug. 30, 2010).

In Receivables Purchasing Co. v. Eng'g & Prof'l Servs., Inc., the court considered whether to dismiss the amended complaint because it was improperly signed by

plaintiff's counsel who was not admitted to practice in the District of New Jersey. Id., No. CIV 09-1339 GEB, 2010 WL 3488135, at *1. The court noted that the plaintiff's counsel moved for pro hac vice admission the day after the defendant identified plaintiff's counsel's status. Id. Once counsel was admitted in accordance with the Local Rules, plaintiff re-filed the amended complaint. As a result, the court denied the motion to strike "based upon Plaintiff's counsel's non-prejudicial procedural mistake[.]" Id.; compare Morrison v. Phillips, No. CIV 06-812(JBS), 2008 WL 4308215, at *4 (D.N.J. Sept. 16, 2008) (striking opposition to a summary judgment motion where attorney was given time to move for pro hac vice admission and failed to promptly move, despite the court's invitation.).

Here, the defective motion to dismiss was promptly cured by Defendants' counsel with no conceivable prejudice to Plaintiffs. For this reason, Plaintiffs' Motion to Strike and for Default Judgment [Dkt. No. 23], Plaintiffs' Motion to Strike Defendants' Reply and Amended Motion to Dismiss [Dkt. No. 30] are denied and Defendants' Cross Motion to Dismiss or Extend and Opposition to Plaintiff's Motion to Strike and for Default Judgment [Dkt. No. 29] is granted and Defendnats' Motion to Dismiss [Dkt. No. 18] filed on August 18, 2017 is dismissed as moot in light of the deficient signature and filing of the amended Motion to Dismiss on September 19, 2017. As a result, the remaining issues before the Court are those set forth in Defendants' amended Motion to Dismiss [Dkt. No. 24]. An appropriate Order shall issue.

Dated: October 31, 2017

Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT JUDGE